IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
|  | : | NO. 06-3781 |
|  | : |  |
| v. | : |  |
|  | : |  |
| ANGEL L. RIVERA | : | CRIMINAL ACTION NO. |
|  | : | NO. 83-349-04 |
|  | : |  |

ORDER

AND NOW, this 27th day of March, 2007, upon consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and the government's response thereto, and after a review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, to which no objections were filed, IT IS HEREBY ORDERED that:

1.  The Report and Recommendation is APPROVED and ADOPTED, with additional comments below;

2.  The petition of Angel L. Rivera for a writ of habeas corpus is CONDITIONALLY GRANTED; and

3.  The matter is REMANDED to the United States Parole Commission, which shall release the petitioner by May 28, 2007 unless it can demonstrate that his sentence, calculated in conformity with this Order and the Report and Recommendation, warrants

confinement beyond that date.

The Court writes only to note that it grounds its
ruling in Fowler v. United States Parole Commission, 94 F.3d 835
(3d Cir. 1996).  As explained in the Report and Recommendation,
Johnson v. United States, 529 U.S. 694 (2000), did not eviscerate
Fowler's reasoning so as to enable this Court to disregard its
precedential value.

Other district courts in this circuit have acknowledged
that Fowler remains binding precedent.  See, e.g., United States
v. Farrow, 2007 WL 707362 (E.D. Pa. 2007);  Bardle v. United
States, 2006 WL 1071659 (E.D. Pa. 2006);  Marker v. Reilly, 2004
WL 846699 (E.D. Pa. 2004).  It is for the United States Court of
Appeals for the Third Circuit, not this Court, to overrule Fowler
if it is so inclined.  See United States of America v. Extreme
Associates, Inc., 431 F.3d 150, 155 (3d Cir. 2005)(stating that
lower courts should follow the case that directly controls,
leaving to the higher court the "prerogative of overruling its
own decisions").

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.